UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PETER MacINERNEY, PhD,

                            Plaintiff,

v.                                                          5:21-CV-0818
                                                            (LEK/ML)

WILBER ALLEN,

                            Defendant.

_____

APPEARANCES:                                    OF COUNSEL:

PETER MacINERNEY, PhD
   Plaintiff, *Pro Se*
6582 Indian Opening Road
Bouckville, New York 13310

MIROSLAV LOVRIC, United States Magistrate Judge


## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with an application to

proceed *in forma pauperis* (Dkt. No. 2), filed by Peter MacInerney ("Plaintiff") to the Court for

review.  For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt.

No. 2) and recommend that Plaintiff's Complaint (Dkt. No. 1), be dismissed in its entirety with

leave to amend.

## I.      BACKGROUND

Although most of his Complaint is rambling and contains virtually no factual detail,

construed liberally, the gravamen of Plaintiff's Complaint alleges that Defendant Wilber Allen

("Defendant") violated Plaintiff's rights by sending a letter to Plaintiff dated July 16, 2019,

which appears to be attached to the Complaint (the "Letter").  (*See generally* Dkt. No. 1.)

More specifically, the Letter states that "[a]ny further communications [by Plaintiff] with the employees and staff of Oneida Community Mansion House will be considered harassment and law enforcement will be contacted." (Dkt. No. 1 at 9.)  In addition, the Letter informs Plaintiff that, "You are now placed on notice that if you are found on the grounds of the Oneida Community Mansion House you will be considered to be trespassing and law enforcement will be contacted." (*Id*.)

Plaintiff alleges that he is permanently disabled. (Dkt. No. 1.)  The first four-pages of Plaintiff's Complaint appear to be type-written by Plaintiff (Dkt. No. 1 at 1-4), then the following four-pages of the Complaint are the Court's form complaint for actions pursuant to 42 U.S.C. § 1983 (*Id*. at 5-8).

Based on these factual allegations, Plaintiff appears to assert the following three causes of action: (1) a claim of breach of contract pursuant to New York and federal law; (2) a claim of fraud; and (3) a claim of conspiracy. (*See generally* Dkt. No. 1.)

As relief, Plaintiff seeks $547,500.00 in damages, representing $750.00 in damages per day. (*Id*.)

Plaintiff also filed an application for leave to proceed *in forma pauperis*. (Dkt. No. 2.)

## II.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[1]  After reviewing Plaintiff's *in*

---

[1]     The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit

*forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard.

Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[2]

## III.   LEGAL STANDARD FOR INITIAL REVIEW OF THE COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts

plausibly suggesting subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see Steel Co. v.

Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is

a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v.

Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*,

762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court

must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of

Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal

of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*,

15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review,

action challenging state court mortgage foreclosure judgment because the court lacked

---

that includes a statement of all assets such prisoner possesses").  The courts have construed that
section, however, as making IFP status available to any litigant who can meet the governing
financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City
of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2]      Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been
granted, he will still be required to pay fees that he may incur in this action, including copying
and/or witness fees.

jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.   ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

### A.    Claims Pursuant to 42 U.S.C. § 1983

To the extent that Plaintiff attempts to assert any constitutional claims, the Court construes those claims to be made under 42 U.S.C. § 1983.  "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (internal quotation marks omitted).  "A plaintiff pressing a claim of [a] violation of his constitutional rights under § 1983 is thus required to show state action." *Fabrikant*, 691 F.3d at 206 (internal quotation marks omitted).  "State action requires *both* . . . the exercise of some right or privilege created by the State . . . *and*" the involvement of "a person who may fairly be said to be a state actor." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and brackets omitted).

To the extent that Plaintiff attempts to assert any claims pursuant to 42 U.S.C. § 1983, I recommend that those claims be dismissed because he does not plausibly allege that Defendant engaged in state action.  Put simply, none of the conduct that Plaintiff alleges is "fairly attributable to the state." *Fabrikant*, 691 F.3d at 207 (internal quotation marks omitted).  Plaintiff pleads no facts that would establish that Defendant's conduct amounted to state action. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229-31 (2d Cir. 2014) (holding that a private hospital's involuntary commitment of a patient was not state action, even though the hospital received state funding and was subject to extensive state regulation).

Instead, the only governmental action alleged in the Complaint is Defendant's threat to file a police report, which, if valid, *might* have led to Plaintiff's incarceration. "The potential for incarceration arising from a threat to notify the police of an individual's alleged transgression simply does not constitute governmental action in any sense of the phrase." *Tornheim v. Kohn*, 00-CV-5084, 2002 WL 482534, at *6 (E.D.N.Y. Mar. 26, 2002). The Complaint does not contain any factual allegations plausibly suggesting that Defendant acted as an agent of the government or with the participation or knowledge of any government official.

As a result, I recommend that Plaintiff's claims pursuant to 42 U.S.C. § 1983 be dismissed for failure to allege facts plausibly suggesting a cause of action.

### B.      Conspiracy

To adequately assert a conspiracy claim under § 1983 a plaintiff must allege: (1) an agreement between two or more state actors or between a state actor and private actor; (2) to act in concert to inflict an unconstitutional injury on plaintiff; and (3) an overt act committed in furtherance of that goal causing damages. *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999); *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).

As set forth above in Part IV.A. of this Report and Recommendation, Plaintiff failed to assert facts plausibly suggesting the involvement of a state actor. In addition, the Complaint fails to allege facts plausibly suggesting an agreement between Defendant and any other individual to act in concert to inflict any injury on Plaintiff or an overt act in furtherance of that goal. (*See generally* Dkt. No. 1.)

"[T]o make out a [conspiracy in] violation of § 1985(3), . . . the plaintiff must allege . . . four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and

immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in her person or property or deprived of any right or privilege of a citizen of the United States." *United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983).  "With respect to the second element, a plaintiff must show that the conspiracy was motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus.'" *Nguyen v. Bush*, 15-CV-0641, 2015 WL 1966296, at *5 (E.D.N.Y. May 1, 2015) (quoting *Robinson v. Allstate Ins. Co.*, 508 F. App'x 7, 9 (2d Cir. 2013)).

"[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello*, 292 F.3d at 325 (internal quotations and citation omitted); *see also Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (to maintain a conspiracy action, the plaintiff "must provide some factual basis supporting a meeting of the minds"); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.").  "[A]lthough a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be 'enough to raise a right to relief above the speculative level.'" *Flores v. Levy*, 07-CV-3753, 2008 WL 4394681, at *9 (E.D.N.Y. Sep. 23, 2008) (quoting *Twombly*, 550 U.S. at 554).

Plaintiff's Complaint fails to assert any factual allegations plausibly suggesting an agreement or conspiracy by Defendant other than stating that Defendant "acted individually and in conspiracy with future DEFENDANTs elsewhere, to commit fraudulent violation of a

contract." (Dkt. No. 1 at 2.) Plaintiff's allegations, even when read with the utmost of special

liberality, are impermissibly vague and conclusory to plausibly suggest a conspiracy.

As a result, I recommend that, Plaintiff's conspiracy claim be dismissed for failure to

state a claim.

### C.     State Law Claims

Having found that all of Plaintiff's federal claims are subject to dismissal, I recommend

that the Court decline to exercise jurisdiction over Plaintiff's remaining state law claims.[3]  *See* 28

U.S.C. § 1367(c)(3) (providing that a district court "may decline to exercise supplemental

jurisdiction over [pendent state law claims] if . . . the district court has dismissed all claims over

which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7

(1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the

balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy,

convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

remaining state-law claims."); *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)

(citing *Kavit v. A.L. Stamm & Co.*, 491 F.2d 1176, 1180 (1974)) (holding that "federal courts,

absent exceptional circumstances, should abstain from exercising pendent jurisdiction when

federal claims in a case can be disposed of by summary judgment").

---

[3]     Breach of contract and fraud are state law claims.  *See Simmonds v. Longo*, 19-CV-1319, 2020 WL 1644206, at *4 (N.D.N.Y. Mar. 11, 2020) (Lovric, M.J.) (citing *Premium Mortgage Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009)) (holding that common law fraud is a New York State law claim that lacks a federal question for purposes of maintaining subject matter jurisdiction pursuant to 28 U.S.C. § 1331), *report and recommendation adopted by* 2020 WL 1643394 (N.D.N.Y. Apr. 2, 2020) (Hurd, J.); *Wilson v. Neighborhood Restore Dev.*, 18-CV-1172, 2018 WL 2390143, at *3 (E.D.N.Y. May 18, 2018) (citing *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC,* 797 F.3d 160, 182 (2d Cir. 2015)) (holding that "breach of contract, breach of the warranty of habitability, negligence, personal injury and fraud . . . are state law claims.").

In the alternative, I recommend that Plaintiff's state law claims be dismissed for failure to state a claim.

### 1.    Breach of Contract

"[I]n order to establish a claim for breach of contract, a plaintiff must prove, by a preponderance of the evidence, (1) the existence of a contract between itself and that defendant, (2) performance of the plaintiff's obligations under the contract, (3) breach of the contract, and (4) damages to the plaintiff caused by the defendant's breach." *OOCL (USA) Inc. v. Transco Shipping Corp.*, 13-CV-5418, 2015 WL 9460565, at *4 (S.D.N.Y. Dec. 23, 2015) (citation omitted).

Here, Plaintiff has failed to allege (1) the existence of a contract between himself and Defendant, (2) performance of Plaintiff's obligations under the contract, (3) Defendant's breach of the contract, and (4) any damages to Plaintiff caused by Defendant's breach.  As a result, I recommend that Plaintiff's breach of contract claim be dismissed for failure to state a claim.

### 2.    Fraud

Under New York law, fraud requires proof of (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages. *Eurycleia Partners, LP v. Seward & Kissel, LLP,* 12 N.Y.3d 553, 559 (N.Y. 2009); *Lama Holding Co. v. Smith Barney,* 88 N.Y.2d 413, 421, (N.Y. 1996).  At the pleading stage in federal court, a plaintiff must "assert facts that plausibly support the inference of fraud." *Cohen v. S.A.C. Trading Corp.,* 711 F.3d 353, 360 (2d Cir. 2013).  Additionally, a plaintiff must satisfy the heightened pleading standard set forth in Rule 9(b), which reads:

> In alleging fraud or mistake, a party must state with particularity the
> circumstances constituting fraud or mistake. Malice, intent, knowledge,
> and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).

In essence, Rule 9(b) places two further burdens on a plaintiff alleging fraud—the first goes to the pleading of the circumstances of the fraud, the second to the pleading of the defendant's mental state. As to the first, the complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,* 375 F.3d 168, 187 (2d Cir. 2004) (internal quotation marks omitted). As to the second, though mental states may be pleaded "generally," a plaintiff must nonetheless allege facts "that give rise to a strong inference of fraudulent intent." *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 290-91 (2d Cir. 2006).

The Complaint fails to allege facts plausibly suggesting any of the required elements for a fraud cause of action. (*See generally* Dkt. No. 1.) Instead, the Complaint alleges in a conclusory fashion that Defendant "commit[ed] fraudulent violation of a contract" and "committed fraud and violations of rights" against Plaintiff. (Dkt. No. 1 at 2.)

As a result, I recommend that Plaintiff's fraud claim be dismissed for failure to state a claim.

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when

justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[4]

This Court has serious doubts about whether Plaintiff can amend to assert actionable claims against Defendant.  However, in this case, I am unable to conclude with complete certainty that if permitted leave to amend his Complaint, Plaintiff could not assert a plausible claim.  Accordingly, I recommend that leave to amend be granted.

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y.

---

[4]      *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

May 22, 1995) (Pooler, J.).  Therefore, in any amended complaint, Plaintiff must clearly set forth

facts that give rise to the claims, including the dates, times, and places of the alleged underlying

acts, and each individual who committed each alleged wrongful act.  In addition, the revised

pleading should allege facts demonstrating the specific involvement of any of the named

defendants in the constitutional deprivations alleged in sufficient detail to establish that they

were tangibly connected to those deprivations.  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir.

1986).  Finally, Plaintiff is informed that any such amended complaint will replace the existing

Complaint, and must be a wholly integrated and complete pleading that does not rely upon or

incorporate by reference any pleading or document previously filed with the Court.  *See Shields

v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an

amended complaint ordinarily supersedes the original and renders it of no legal effect.").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is

**GRANTED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD**

Plaintiff's Complaint (Dkt. No. 1) for failure to state a claim pursuant to 28 U.S.C. §

1915(e)(2)(B) and because the Court lacks subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and

recommendation on the docket of this case and serve a copy upon the parties in accordance with

the local rules.[5]

---

[5]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein
in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: August ⎯12⎯, 2021
          Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[6]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).