UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

PETER MacINERNEY,

                Plaintiff,

    -against-                                        5:21-CV-0818 (LEK/ML)

WILBER ALLEN; ABIGAIL LAWTON;
CHRISTINE H. O'NEIL; and TINA
WAYLAND-SMITH,

                Defendants.

## **DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Peter MacInerney commenced this pro se action on July 16, 2021. Dkt. No. 1. Plaintiff filed an amended complaint on October 19, 2021. <u>See</u> Dkt. No 10 ("Amended Complaint"). Liberally construed, Plaintiff's Amended Complaint pursues recourse under 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971) for alleged violations of Plaintiff's rights by defendants Wilber Allen, Abigail Lawton, Christine O'Neil, and Tina Wayland-Smith, who are allegedly affiliated with the Oneida Community Mansion House, Incorporated ("OCMH"). <u>See id.</u> Plaintiff also filed a supplement to his Amended Complaint on December 20, 2021, that could potentially be interpreted to include allegations against John Companie. <u>See</u> Dkt. No. 14. Companie and Wayland-Smith appear to have acted as attorneys for OCMH. <u>See id.</u> at 5.

Now before the Court is a Report-Recommendation prepared by the Honorable Miroslav Lovric after initial review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), recommending the Amended Complaint be dismissed with prejudice. Dkt. No. 15 ("Report-

Recommendation"). For the reasons that follow, the Court approves and adopts the Report-Recommendation.

## II. BACKGROUND

### A. Factual Allegations

Petitioner's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 1–4.

### B. The Report-Recommendation

After review of the facts and claims asserted by Plaintiff, Judge Lovric recommended that all causes of action set forth in the Amended Complaint be dismissed. Id. at 7. Judge Lovric construed the Amended Complaint liberally but found that, to the extent Plaintiff alleged federal claims under 42 U.S.C. § 1983 or Bivens, Plaintiff failed to plausibly allege, or even suggest, any action by a state actor or an official acting under color of federal law. Id. at 7–9.

Judge Lovric further construed the Amended Complaint to suggest potential state law claims for breach of contract, fraud, and defamation. Id. at 10–13. Judge Lovric recommended that the Court decline to exercise jurisdiction over these claims, or, in the alternative, to dismiss them for failure to state a claim because the Amended Complaint failed to include facts sufficient to establish necessary elements of the claims. Id.

Finally, Judge Lovric recommended that the Amended Complaint be dismissed without leave to replead. Id. at 14. Judge Lovric reasoned that any amendment would be futile given that Plaintiff had already filed a complaint, an amended complaint, and a supplement to the amended complaint and that all failed to allege facts sufficient to state a claim. Id. (citing Salinger v. Projectavision, Inc., 972 F. Supp. 222, 236 (S.D.N.Y. 1997) ("Three bites at the apple is enough.").

### III. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### IV. DISCUSSION

Plaintiff did not timely file objections to the Report-Recommendation. See Docket. Plaintiff did file an untimely objection. See Dkt. No. 16 ("Objection"). Even if the Court were to consider the arguments raised in Plaintiff's objection, the Court finds they are conclusory and merely reiterate arguments already made in the Amended Complaint set before the magistrate judge. Indeed, Plaintiff's Objection consists almost entirely of boasts regarding Plaintiff's past exploits and denigrative comments about the magistrate judge's well-reasoned opinion.

Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

Plaintiff's federal law claims are dismissed with prejudice. To the extent claims based on state law can be gleaned from the Amended Complaint, the Court declines to exercise supplemental jurisdiction over them.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 15) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Plaintiff's Second Amended Complaint (Dkt. No. 10) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 6, 2022
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge